IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| KNOX TL LOT ACQUISITION, LLC and MILLSTONE PARTNERS, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | _____ |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | | |

NOTICE OF REMOVAL

Defendant First American Title Insurance Company ("First American") provides notice of its removal of this action from the Chancery Court for Knox County, Tennessee to the United States District Court for the Eastern District of Tennessee, Northern Division. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diverse citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. Pursuant to 28 § U.S.C. 1446(a), a copy of the process, pleadings, and orders served upon First American is attached as **Exhibit A**.

As grounds for removal, First American states as follows:

BACKGROUND

1. Plaintiffs Knox TL Lot Acquisition, LLC ("Knox TL") and Millstone Partners, LLC ("Millstone") (collectively, "Plaintiffs") initiated this action on October 1, 2021, by filing their Complaint in the Chancery Court of Knox County, Tennessee, as Case No. 203341-3.

2. According to the Complaint, Plaintiffs' claims arise from five (5) title insurance policies issued to them by First American insuring title to real property they owned in Knox

County, Tennessee. Complaint, ¶¶ 9, 40-43. Plaintiffs allege that they were sued by third parties to stop the development of the property. *Id.* ¶¶ 12-14, 24-26. Plaintiffs claim that First American breached the policies by failing to promptly defend Plaintiff Knox TL in the lawsuit and by failing to indemnify Plaintiffs for losses they claim are covered by the policies. *Id.* ¶¶ 18-23, 38, 60, 71, 76, 78, 94, 95. In their Prayer for Relief, each Plaintiff seeks damages "in an amount to be established at trial, but not to exceed $2,000,000." Prayer for Relief, ¶¶ 2-3.

<u>GROUNDS FOR REMOVAL</u>

3. This removal is based on diversity of citizenship. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to federal district court when the district court has original jurisdiction to consider the case. *See* U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "A federal court has original subject matter jurisdiction over two types of actions: (1) those actions raising a federal question . . . . and (2) those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees." *Gaynor v. Miller*, 205 F. Supp. 3d 935, 938 (E.D. Tenn. 2016).

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiffs are citizens of a different state than First American and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. A copy of this Notice of Removal is being served on Plaintiffs, and First American will contemporaneously file a Notice of Filing Notice of Removal attaching this Notice of Removal in the Chancery Court of Knox County, as required by 28 U.S.C. § 1446(d).

<u>THE PARTIES ARE COMPLETELY DIVERSE</u>

6.      Knox TL was and is a Tennessee limited liability company.  Complaint, ¶ 1.  Knox TL has two members, G. Scott Smith and Eric J. Moseley.  Both Mr. Smith and Mr. Moseley are citizens and residents of Knoxville, Tennessee. For purposes of diversity jurisdiction, a limited liability company is a citizen of each state in which its members are citizens.  *See Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002).  Therefore, Knox TL is now, and was at the time of filing of the Complaint, a citizen of Tennessee.

7.      Millstone was and is a Tennessee limited liability company.  Complaint, ¶ 2.  Millstone has three members, Mr. Smith, Mr. Moseley, and Benjamin L. Testerman.  As stated above, both Mr. Smith and Mr. Moseley are citizens and residents of Knoxville, Tennessee. Mr. Testerman also is a citizen and resident of Knoxville, Tennessee.  Therefore, Millstone is now, and was at the time of filing of the Complaint, a citizen of Tennessee.  *See Homfeld*.

8.      At all relevant times, including at the time of the filing of the Complaint and at the time of removal, First American was and is a Nebraska corporation with its principal place of business in Santa Ana, California.  Therefore, First American is a citizen of Nebraska and California.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

9.      Accordingly, there is complete diversity of citizenship among the parties as required by 28 U.S.C. § 1332(a)(1).  *See Wix v. Walker*, No. 2080079, 2008 WL 3926393, at * 1 (M.D. Tenn. Aug. 27, 2008) ("As to diversity jurisdiction, it is settled that diversity of citizenship under § 1332 requires complete diversity between all plaintiffs on one side and all defendants on

3

the other." (first citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); and then citing *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994))).

<u>THE AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>

10.     Under 28 U.S.C. § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014).  This allegation can be based on "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable."  28 U.S.C. § 1446(b)(3).

11.     Here, Plaintiffs' Complaint claims the breach of one (1) title insurance policy issued to Knox TL with an insured amount of $2 million dollars, Complaint, ¶ 9, and four (4) title insurance policies issued to Millstone with coverage amounts of $250,000, $187,000, $125,000 and $125,000. *Id.,* ¶¶ 40-43. Regarding the Millstone policies, Plaintiffs allege that First American breached them by refusing to "insure over the subject parcels going forward, which would have allowed Millstone to close on such parcels." *Id.*, ¶ 84.

12.     In their Prayer for Relief, each Plaintiff seeks damages "in an amount to be established at trial, but not to exceed $2,000,000." Prayer for Relief, ¶¶ 2-3.

13.     Elsewhere in the Complaint and in documents attached to or referenced therein, Plaintiffs are more specific about their claimed damages. In paragraph 35 of the Complaint, Plaintiffs allege that on August 22, 2019, Mr. Smith sent Ms. Ladwig, claims counsel for First American, a "claim demand" "in the amount of $380,000.00."  Complaint, ¶ 35. Plaintiffs attach a portion of the parties' August 22, 2019 email communications to the Complaint as Exhibit F, and the more inclusive email string is attached hereto as **Exhibit B**.

14.     As the August 2019 email communications show, the $380,000 demand was to "cover Millstone and Knox TL" as of that time. *See* Ex. B, p. 1. Mr. Smith noted in the email exchange that "I have not requested, so far, to be compensated for Knox TL's losses due to the fact that we have been forced to hold our lots for almost a year now and paid interest on them totaling $124,886.00 since last November, when I believe the lawsuit was filed." *Id.* He claimed further that Millstone had "lost 5 of our 16 closings which had to be cancelled due to the inability to obtain title insurance. These homes were custom, completed, and under contract and had an average profit of $75,000.00 each, totaling $375,000." *Id*. Mr. Smith continued that "I point these things out to let you know that I am being reasonable in my request [for $380,000] but if I m not treated fairly then I will have no reason not to submit all of my losses which in each company are substantial, legitimate and justifiable. So right off the bat, I can think of another $499,886.00 which after today I will be requesting." *Id.*

15.     Thus, both Plaintiffs are seeking well more than the $75,000, and the amount in controversy threshold is met.

<u>REMOVAL IS TIMELY AND PROPER</u>

16.     Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal is to be filed within 30 days after the receipt by the defendant of a copy of the initial pleading.

17.     First American was served with summons and copy of the Complaint on October 8, 2021.  Therefore, this Notice of Removal is timely pursuant to §§ 1446(b)(1).

18.     This Court is the proper venue for removal because the United States District Court for the Eastern District of Tennessee, Northern Division embraces the geographic area of the Chancery Court of Knox County, Tennessee where the action was filed.  *See* 28 U.S.C. §§ 123(a)(1); 1441(a).

5

19. First American reserves the right to amend or supplement this Notice of Removal.

20. By filing this Notice of Removal, First American does not waive its right to assert any defenses and/or objections to which it is entitled, including but not limited to any challenge to personal jurisdiction or the right to have the case dismissed on any other basis.

21. If any question arises as to the propriety of the removal of this action, First American requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, First American hereby gives notice of the removal of this action to the United States District Court for the Eastern District of Tennessee.

This 4th day of November 2021.

Respectfully submitted,

*/s/ Adam G. Russell*
One of the Attorneys for Defendant First American Title Insurance Company

OF COUNSEL:
Adam G. Russell (BPR # 027505)
FISHER | RUSSELL PLLC
10265 Kingston Pike, Suite C
Knoxville, TN 37922
(865) 259-7777
arussell@fisher-russell.com

6

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing NOTICE OF REMOVAL has been served upon all counsel of interest in this cause by placing a copy in the United States mail, postage prepaid, to the offices of all counsel and parties of interest shown at the addresses below:

C. Scott Taylor
Heather G. Anderson
Matthew T. McDonald
BERNSTEIN, STAIR & MCADAMS LLP
116 Agnes Road
Knoxville, Tennessee 37919
(865) 546-8030

*Attorneys for Plaintiffs*

This 4th day of November 2021.

/s/ *Adam G. Russell*
ADAM G. RUSSELL